IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

CASEY R. BOCK,

Defendant.                                              No. 01-CR-30081-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is *pro se* Defendant Casey Bock's motion to modify sentence under 18 U.S.C. § 3582 (Doc. 24). Bock argues that the his sentence should be modified due to Amendments 674 & 59I [sic] implemented by the U.S. Sentencing Committee.[1] Bock also asks the Court to appoint him counsel at the re-sentencing hearing. Based on the following, the Court denies Bock's motion.

On January 18, 2002, the Court sentenced Bock to a term of imprisonment of 188 months for being a felon in possession of a firearm and an armed career criminal based on three prior violent felony convictions in violation of **18 U.S.C. §§ 922(g)(1), 924(e)(1)**. Thereafter, the Seventh Circuit affirmed Bock's conviction and sentence on November 14, 2002. ***See United States v. Bock*, 312**

---

[1] The Court assumes that Bock is citing to Amendment 591 as there is not an amendment titled "59I."

**F.3d 829 (7th Cir. 2002)**. More than two and a half years later on June 13, 2005, Bock filed a motion to modify sentence under **18 U.S.C. §3582**. In it, he purports to seek a modification of his sentence under 674 and 591 Amendments to the Application Notes of United States Sentencing Guidelines.

Ordinarily, once a district judge enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, **517 U.S. 416 (1996)**. **18 U.S.C. § 3582** defines the circumstances under which district courts may modify sentences and otherwise *prohibits* district courts from doing so, unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." **18 U.S.C. § 3582(c)(1)(B)**. **Section 3582(c)(2)** provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

**18 U.S.C. § 3582(c)(2) (emphasis added)**; *see United States v. Tidwell*, **178 F.3d 946, 949 (7th Cir. 1999)**.

None of the bases set forth in section **3582** for modification of a sentence is applicable in the present case. Section **1B1.10** of the United States Sentencing Guidelines ("U.S.S.G.") is the relevant "policy statement" here. That

section specifically and exhaustively lists the amendments whose retroactive application under section **3582(c)(2)** is authorized. ***See* U.S.S.G. 1B1.10(c)**. It further provides that, "[i]f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." **U.S.S.G. § 1B1.10(a)**.

First, Amendment 674, which was effective November 1, 2004, does not apply retroactively pursuant to section **3582** because it is not included in section **1B1.10(c)**'s list of retroactively applicable amendments. Therefore, this Court is without jurisdiction to entertain Bock's motion as to Amendment 674 and neither **18 U.S.C. § 3582** nor the amended **U.S.S.G. § 4B1.4(b)(3)** provides any basis for the requested modification of Bock's sentence. ***See, e.g., Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir.1993) (declining to apply U.S.S.G. § 3E1.1 retroactively on grounds that amendment to section did not appear in list of amendments in section 1B1.10(d))**.

Second, Bock's contention that Amendment 591 warrants him a reduction in this matter is also without merit. Amendment 591, became effective November 1, 2000, and applies retroactively under **U.S.S.G. § 1B1.10(c)**. The amendment modified the text of **§ 1B1.1(a)**, **§ 1B1.2(a)**, and the introductory commentary to the Statutory Index of the Guidelines. Amendment 591 requires district courts to "apply the offense guideline referenced in the Statutory Index for

the statute of the conviction unless the case falls within the limited 'stipulation' exception set forth in § 1B1.2(a)." **U.S.S.G. App. C Supp., amend. 591 at 31 (2000);** *see United States v. Lanas*, **324 F.3d 894, 904 (7th Cir. 2003)**. The amendment resolved a circuit split, preventing courts from declining to apply the offense guideline referenced in the Statutory Index in cases that were perceived as "atypical" or "outside the heartland." **U.S.S.G. App. C Supp., amend. 591 at 30-31;** *see United States v. Hurley*, **374 F.3d 38, 39-40 (1st Cir. 2004);** *United States v. Gracia*, **272 F.3d 866, 876 (7th Cir. 2001)**.

Here, Amendment 591 has no impact on Bock's sentence because the Court used the 2001 edition of the Guidelines and applied the correct guideline that corresponded with the offenses of being a felon in possession of a firearm, **18 U.S.C. § 922(g)(1)** and an armed career criminal, **18 U.S.C. § 924(e)(1)**, in the Statutory Index, **U.S.S.G. § 2K2.1(a)(2)**. Moreover, Amendment 591 does not affect Bock's sentence because it was the armed career criminal guideline enhancement, **§ 4B1.4**, that increased his sentence to 188 months, not the Court's choice of a Chapter Two offense guideline for Bock's conviction. Thus, the Court **DENIES** Bock's motion to modify his sentence (Doc. 24).

**IT IS SO ORDERED.**

Signed this 15th day of June, 2005.

/s/    David RHerndon
**United States District Judge**