IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

CASEY R. BOCK,

Defendant.                                                No. 01-CR-30081-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court is Bock's motion for review under Rule 60(b)(1)(6) of the Federal Rules of Civil Procedure (Doc. 28). This is Bock's second motion asking the Court to reconsider its June 15, 2005 Order denying his motion to modify his sentence. Here, as in his previous request, Bock contends that the Court mistakenly found that Amendment 674 of the Sentencing Guidelines is not retroactive and inapplicable to his case.

The Seventh Circuit has held that any motion which attacks the merits of a district court's decision and that is filed *more* than ten days after entry of judgment is considered a motion under **FEDERAL RULE OF CIVIL PROCEDURE 60**. *See United States v. 47 West 644 Route 38*, 190 F.3d 781, 783 n.1 (7th Cir. 1999), cert. denied, 120 S.Ct. 1270 (2000); *Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco Remy Div. of General Motors*

*Corp.*, **51 F.3d 746, 750 (7th Cir. 1995)**.

**Rule 60(a)**, limited to clerical errors, is inapplicable here. **Rule 60(b)** authorizes a district court to relieve a party from a final judgment or order for five specific reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged. . . .

In addition to the five specific reasons, **Rule 60(b)(6)** provides a catchall provision for relief from final judgment or order. *Reinsurance Co. v. Administrative Asigurarilor*, **902 F.2d 1275, 1277 (7th Cir. 1990)**. The catchall provision allows the court to grant a **Rule 60(b)** motion for "any . . . reason justifying relief from the operation of the judgment." **Fed.R.Civ.P. 60(b)(6)**.

A district court has broad discretion in granting or denying the motions. *Del Carmen v. Emerson Elec. Co., Commercial Cam Div.*, **908 F.2d 158, 161 (7th Cir. 1990)**. Further, the Seventh Circuit has emphasized that **Rule 60(b)** relief is reserved for exceptional circumstances. *Mares v. Busby*, **34 F.3d 533, 535 (7th Cir. 1994)**. The rule does not permit a party to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify and 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*, **209 F.3d 695, 697 (7th Cir. 2000)(quoting *Russell*, 51 F.3d at 749)**. *Accord Dickerson v. Board of Education*, **32 F.3d 1114, 1116 (7th Cir. 1994)**.

As stated in the Court's June 15, 2005 Order, **U.S.S.G. 1B1.10(a)**, the relevant policy statement, provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).  *If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and this is not authorized.*

**U.S.S.G. 1B1.10(a) (emphasis added)**.  Amendment 674 is not included in subsection (c) of U.S.S.G 1B1.10.[1]  Thus, Amendment 674 is not retroactive and is not applicable to Bock's case.  Further, Bock has presented no special circumstances justifying the extraordinary remedy.  The Court rejects Bock's Rule 60(b) motion for relief.  Accordingly, the Court **DENIES** Bock's motion for review under Rule 60(b)(1)(6) of the Federal Rules of Civil Procedure (Doc. 28).

**IT IS SO ORDERED.**

Signed this 9th day of August, 2005.

/s/    David RHerndon
**United States District Judge**

---

[1] The Amendments included in subsection (c) are: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606 and 657.  **See U.S.S.G. § 1B1.10(c)**.